**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan
☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
■ 1st _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: MARIA A KAI     JOINT DEBTOR: _____     CASE NO.: 16-26064-EPK
SS#: xxx-xx- 8423        SS#: xxx-xx- _____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section VIII | ■ | ☐ |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $263.86 for months  1  to  14 ;
2. $99.00  for months  15 to  56 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $4700.00 | Total Paid: | $280.00 | Balance Due: | $4420.00 |
|---|---|---|---|---|---|
| Payable | $253.86 | /month (Months 1 to 14) | | | |
| Payable | $80.00 | /month (Months 15 to 24) | | | |
| Payable | $66.01 | /month (Months 25 to 25) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$3,500.00 Attorney Fee, $150.00 in fees, $500.00 Motion to pay interest, $25.00 in costs, $500.00 Motion to Modify, $25.00 in costs

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ■ NONE
[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

**B. VALUATION OF COLLATERAL:** ■ NONE

**C. LIEN AVOIDANCE** ■ NONE

**D. SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
☐ NONE

LF-31 (rev. 10/3/17)                Page 1 of 3

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Chase | 3900 | 2015 Nissan Altima 25,000 miles VIN# 1N4AL3APXFN895555 |

**E.    DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

■ NONE

IV.    **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

   A.    **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

   B.    **INTERNAL REVENUE SERVICE:** ☐ NONE

| Total Due: | $2,591.33 | Total Payment | $2,863.20 |
|---|---|---|---|
| Payable: | $10.00 | /month (Months 15 to 24 ) | |
| Payable: | $23.99 | /month (Months 25 to 25 ) | |
| Payable: | $90.00 | /month (Months 26 to 55 ) | |
| Payable: | $39.21 | /month (Months 56 to 56 ) | |

   C.    **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

   D.    **OTHER:** ■ NONE

V.    **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

   A.    Pay   $50.79   /month (Months 56 to 56 )

   Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

   B.    ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

   C.    SEPARATELY CLASSIFIED:    ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

   ■ NONE

VII.    **INCOME TAX RETURNS AND REFUNDS:** ■ NONE

VIII.    **NON-STANDARD PLAN PROVISIONS** ☐ NONE

   ☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   IRS will be paid 4% as per Court Order

Debtor will treat creditor, _OCWEN_ , directly outside the plan by either selling, refinancing, curing, applying for loan modification or defending against any foreclosure action with any possible defenses available.

In the event of any of the aforesaid remedies occurring, debtor will modify the plan accordingly.

Debtor further agrees to relief from the stay for the creditor, OCWEN , as debtor is not treated the creditor in the Chapter 13 plan.

Debtor(s): MARIA A KAI    Case number: 16-26064-EPK

Debtor will treat creditor, FAIRFIELD LAKE CONDO , directly outside the plan by either selling, refinancing, curing, applying for loan modification or defending against any foreclosure action with any possible defenses available.

In the event of any of the aforesaid remedies occurring, debtor will modify the plan accordingly.

Debtor further agrees to relief from the stay for the creditor, FAIRFIELD LAKE CONDO , as debtor is not treated the creditor in the Chapter 13 plan.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/MARIA A KAI    Debtor    February 2, 2018            Joint Debtor
MARIA A KAI            Date                    Date

_____    _____
Attorney with permission to sign on    Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**